# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **MARJIL LEE BERGARA**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:07CV00071 |
| | ) Case No. 1:05CR00053 |
| v. | ) |
| | ) **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA**, | ) |
| | ) By: James P. Jones |
| Respondent. | ) Chief United States District Judge |
| | ) |

*Marjil Lee Bergara, Pro Se Petitioner; S. Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Respondent.*

Pursuant to Federal Rule of Civil Procedure 59(e), petitioner Marjil Lee Bergara has moved to alter or amend the judgment entered by this court on March 8, 2007, dismissing his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the record, I will grant the Motion to Alter or Amend Judgment, vacate the court's previous judgment, deny the government's Motion to Dismiss, grant the § 2255 motion, and for relief, enter an Amended Judgment in the criminal case.

I

Pursuant to a written plea agreement, Bergara pleaded guilty on December 14, 2005, to Count Seven of a superseding indictment, which alleged that he had engaged in money laundering while on pretrial release, in violation of 18 U.S.C.A. §§ 1957 and 3147 (West 2000 & Supp. 2006). The plea agreement stipulated that because Bergara committed the offense while on pretrial release, he was subject to a maximum sentence of 240 months imprisonment and a fine of $250,000.[1] The agreement also stipulated that Bergara would receive several sentence enhancements and that the government would argue for an upward departure, based on his criminal history. Bergara waived his right to appeal and his right to collaterally attack his conviction or sentence pursuant to § 2255, and agreed to forfeit certain property and pay restitution.

I found Bergara's guilty plea to be knowing and voluntary and accepted it. After a lengthy sentencing hearing on May 2, 2006, I denied Bergara any reduction for acceptance of responsibility and imposed the sentence enhancements urged by the

---

[1] Section 1957 authorizes a maximum sentence of ten years of imprisonment. The Bail Reform Act provides that "[a] person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to . . . a term of imprisonment of not more than ten years if the offense is a felony," consecutive to any other sentence. 18 U.S.C.A. § 3147 (West 2000).

government, giving him a Criminal History Category of V and an Adjusted Offense Level of 28, with a resulting sentencing range of 130-162 months of imprisonment under the United States Sentencing Guidelines.[2] From that range, I departed upward, finding that Bergara's Criminal History Category of V underrepresented the seriousness of his actual criminal record and the likelihood of recidivism. Specifically, I based this finding on the government's reliable and extensive evidence of Bergara's prior similar adult criminal conduct that had not resulted in criminal convictions.[3] After hearing additional argument from counsel, I told the defendant of my intention to sentence him to the "maximum period permitted by statute of

---

[2] I also found that Bergara must pay $285,000 in restitution and a $100 special assessment.

[3] The sentencing transcript reflects the following findings:

Considering the additional points that would have been available had the defendant actually received sentences for criminal conduct that has been shown in this case in the past he has sufficient criminal history points to add one offense level for every three of the criminal history points above 13, which is criminal history category 6, and following this process I find that it is appropriate to depart upward to . . . level 32, criminal history category 6.

I've considered each intervening offense level and find no intervening level that adequately accounts for the defendant's past or his propensity for future criminality. Level 32, criminal history category 6, has an offense level of 210 to 262 months imprisonment.

(Sentencing Tr. 356-57.)

twenty years" in prison.[4] I imposed a sentence of 180 months and a consecutive sentence of 60 months under the enhancement provision of § 3147, for a total of 240 months.

Bergara noted an appeal, which the United States Court of Appeals for the Fourth Circuit dismissed by order entered September 15, 2006. In February 2007, Bergara filed the present § 2255 motion. I construed Bergara's pro se pleadings as arguing that his twenty-year total sentence exceeded the statutory maximum sentence of ten years authorized under § 1957. Finding that Bergara's sentence did not exceed the twenty years of imprisonment authorized by § 1957 together with the

---

[4] The sentencing transcript reflects my reasons for imposing the statutory maximum of twenty years imprisonment:

> I believe this sentence is appropriate for you, Mr. Bergara, you have a long history of lies, deceits which has caused great pain and anguish to numerous people including the people who testified here today.
>
> You're a predatory criminal preying on vulnerable people who are financially or emotionally stressed and while I'm sure you have been clearly motivated by your own greed, I think it's likely that you, in fact, enjoy your ability to manipulate people. You've shown absolutely no remorse for your conduct. I think you are beyond rehabilitation and unless you are kept in prison you will continue to harm people.
>
> Accordingly, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 240 months consisting of 180 months on count seven and under the enhanced provision of 18 U.S.C. 3147, 60 months to run consecutively.

(Sentencing Tr. 362-63.)

enhancement provision of § 3147, I dismissed the § 2255 motion by Opinion and Order entered March 8, 2007. *Bergara v. United States*, No. 7:07CV00071, 2007 WL 750547 (W.D. Va. Mar. 8, 2007). Within ten days, Bergara filed this Motion to Alter or Amend Judgment, pursuant to Rule 59(e).

II

Bergara clearly indicates in his Rule 59(e) motion that the 180-month sentence imposed upon him under § 1957 exceeds the ten-year maximum sentence authorized by that section. He is correct and accordingly, I will grant Bergara's Motion to Alter or Amend.

After reconsidering Bergara's § 2255 arguments as a whole and the record in his criminal case, I must deny the government's Motion to Dismiss. The Motion to Dismiss argues that pursuant to his plea agreement, Bergara waived his right to bring this action under § 2255 and that his twenty-year total sentence does not exceed the statutory maximum authorized by § 1957 and § 3147 combined. Bergara does not deny that he entered a valid waiver of his right to bring a § 2255 motion. I find, however, that his § 2255 claim falls outside the scope of that waiver, as it alleges that the portion of his sentence imposed under § 1957 exceeded the maximum sentence authorized under that statute. *See United States v. Lemaster*, 403 F.3d 216, 220 n.2

(4th Cir. 2005) ("[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.") (quotation omitted). Section 1957 authorizes a ten-year maximum sentence, and I sentenced him to 180 months (fifteen years) for his violation of that statute. Therefore, I will deny the government's Motion to Dismiss and grant the § 2255 motion.

As appropriate relief, I will amend the Judgment in Case No. 1:05CR00053 to reflect that Bergara's twenty-year sentence consists of 120 months under § 1957 and a consecutive 120 months under the enhancement provision of § 3147. A resentencing hearing is not warranted, because the change to the sentence is a simple "correction," authorized under § 2255. *See United States v. Hadden*, 475 F.3d 652, 667-69 (4th Cir. 2007) (finding that resentencing hearing not required in awarding relief pursuant to § 2255 where district court merely corrects sentence). In amending the Judgment, I am not making Bergara's sentence more onerous than the twenty years initially imposed—I am merely making the sentence correct by changing the respective terms that are designated for the underlying criminal conduct and the enhancement under § 3147. *See id.* at 667 (citing *United States v. Erwin*, 277 F.3d 727, 731 (5th Cir. 2001) (affirming district court's decision to modify prisoner's sentence without a resentencing because change did not make sentence more

-6-

Case 1:05-cr-00053-JPJ   Document 81   Filed 04/11/07   Page 6 of 8   Pageid#: 598

onerous)). Moreover, in changing the sentence designations, I am carrying out my stated intention to sentence Bergara to the statutory maximum of twenty years. The total sentence falls within the guideline range of 210-262 months imprisonment that I calculated at the sentencing hearing, pursuant to the upward departure. I need not order a new pre-sentence report, receive additional evidence, or hear arguments as to the appropriateness of the correction I am making. Therefore, I find that no resentencing hearing is required. *Hadden*, 475 F.3d at 667. Rather, I will direct the clerk to prepare a Amended Judgment, in all respects like the original Judgment, with the exception of the noted correction to the sentence of imprisonment.

III

For the stated reasons, it is **ADJUDGED AND ORDERED** as follows:

A.  The Motion to Dismiss is DENIED;

B.  The Motion to Alter or Amend is GRANTED;

C.  The prior Order denying the Motion to Vacate, Set Aside, or Correct Sentence is VACATED;

D.  The Motion to Vacate, Set Aside, or Correct Sentence is GRANTED;

E. As appropriate relief, the clerk is directed to prepare an Amended Judgment, correcting the Judgment entered May 5, 2006, by fixing the sentence of imprisonment as follows:

> Two-Hundred-Forty (240) months. This term consists of 120 months as to Count 7 and 120 months under the enhancement provision of 18 U.S.C § 3147, to run consecutively to produce a total term of 240 months. This term shall run consecutively to any previously imposed state and/or federal sentence;

and,

F. Nothing further remaining to be done therein, the clerk is directed to close Case No. 7:07CV00071.

ENTER: April 11, 2007

/s/ JAMES P. JONES
Chief United States District Judge