# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 1:05CR00053 |
| v. | ) |
| | ) **OPINION** |
| MARJIL LEE BERGARA, | ) |
| | ) By: James P. Jones |
| Defendant. | ) Chief United States District Judge |

*Marjil Lee Bergara, Pro Se; Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia.*

The defendant, a federal inmate proceeding pro se, brings this second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the record, I find that he is not entitled to relief, because his sentence does not exceed the statutory maximum for his conviction and his remaining claims are successive.

I

Marjil Lee Bergara was charged in an eleven-count Superseding Indictment relating to a fraudulent scheme perpetrated by him. Pursuant to a written Plea Agreement, Bergara pleaded guilty on December 14, 2005, to Count Seven of the

Superseding Indictment, which alleged that he had engaged in monetary transactions involving property with a value in excess of $10,000 derived from unlawful activity while on pretrial release, in violation of 18 U.S.C.A. § 1957 (West 2000) and 18 U.S.C.A. § 3147 (West Supp. 2008). The other counts against Bergara were dismissed. The Plea Agreement stipulated that because Bergara committed the offense while on pretrial release, he was subject to a maximum total sentence of 240 months imprisonment and a fine of $250,000.[1] The Agreement also stipulated that Bergara would receive several sentence enhancements, including one for the amount of loss, one for obstruction of justice, and one for money laundering, and that the government would argue for another enhancement based on the vulnerability of his victim and for an upward departure, based on his criminal history. Bergara also waived his right to appeal and his right to collaterally attack his conviction or sentence, pursuant to § 2255, and agreed to forfeit property and pay restitution. Bergara initialed each page of the Plea Agreement and signed it, indicating that he had reviewed it fully with counsel.

---

[1] Title 18, Section 3147 provides that "[a] person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to . . . a term of imprisonment of not more than ten years if the offense is a felony," consecutive to any other sentence.

The provisions of the Plea Agreement were reviewed with Bergara in open court during the plea hearing, and he affirmed to the court that he understood them and was knowingly and voluntarily pleading guilty. I found that Bergara's plea was knowing and voluntary and accepted it. After a lengthy sentencing hearing, I departed upward from Bergara's guidelines range and imposed a sentence of 180 months on the money laundering count and a consecutive sentence of 60 months under the enhancement provision of § 3147, for a total of 240 months.

Bergara noted an appeal, which the United States Court of Appeals for the Fourth Circuit dismissed. In February of 2007, Bergara filed his first § 2255 motion. I construed his pro se pleadings as arguing that his twenty-year total sentence exceeded the statutory maximum sentence of ten years authorized under § 1957. In this motion, Bergara expressly stated that he was not challenging the validity of his guilty plea or his plea agreement. Finding that Bergara's sentence did not exceed the twenty years of imprisonment authorized by § 1957 together with the enhancement provision of § 3147 and that his other claims were waived, pursuant to his plea agreement collateral rights waiver, I dismissed the § 2255 motion. *Bergara v. United States*, No. 7:07CV00071, 2007 WL 750547 at *1 (W.D. Va. Mar. 8, 2007).

Bergara filed a timely Motion to Alter or Amend Judgment, pursuant to Federal Rule of Civil Procedure 59(e). In his motion, Bergara asserted that the 180-month

sentence imposed upon him under § 1957 exceeded the ten-year maximum sentence authorized by that section. Finding this assertion to be correct, I determined that Bergara's sentence should be corrected. Because all of his claims related to the incorrect sentence, I vacated the previous Judgment, granted § 2255 relief, and amended the Judgment to provide that Bergara's twenty-year sentence consists of 120 months under § 1957 and a consecutive 120 months under the enhancement provision of § 3147. Bergara did not appeal the Amended Judgment.

Bergara then filed this second § 2255 motion.[2] He alleges the following grounds for relief: (a) counsel was ineffective for failing to move for dismissal of the Superseding Indictment because it failed to make a criminal charge upon which the court could exercise its jurisdiction; (b) the district court was without subject matter jurisdiction because the Superseding Indictment failed to make a charge or provide the defendant with adequate notice; (c) the Amended Judgment imposed a sentence in excess of the maximum penalty authorized under § 3147; and (d) the defendant's guilty plea was involuntary because counsel erroneously advised him that if he were convicted on all counts at trial, he would receive a sentence of 100 years. The

---

[2] For the administrative purposes of the court, this second § 2255 motion was also docketed as 1:08CV80041.

- 4 -

government has filed a Motion to Dismiss, arguing that all of these claims are waived pursuant to Bergara's Plea Agreement.

II

Section 2255(h), as added to the statute by the 1996 Anti-terrorism and Effective Death Penalty Act ("AEDPA"), imposes strict limits on the consideration of "second or successive" habeas petitions. Before the district court may exercise jurisdiction over such a petition, the defendant must obtain leave to do so from the court of appeals. § 2255(h); 28 U.S.C.A. § 2244(b) (West 2006). Section 2255 itself does not define the phrase "second or successive." However, a § 2255 motion that challenges only issues that originated at a resentencing or sentence reduction after a first § 2255 motion is granted is not successive within the meaning of § 2255(h). *See In Re Taylor*, 171 F.3d 185, 188 (4th Cir. 1999). On the other hand, issues that originated before a prior § 2255 motion and could have been raised in that prior motion are "successive" and cannot be addressed by the district court unless the court

of appeals certifies the issue in accordance with § 2255(h) and § 2244(b).[3] *Id.* at 187; *Porter v. United States*, 148 F. Supp. 2d 685, 688 (W.D. Va. 2001).

With the exception of claim (c), alleging that his Amended Judgment imposed a sentence above the statutory maximum, all of Bergara's claims in this second § 2255 motion originated before his initial § 2255 motion. They concern events before and during the plea agreement process and could clearly have been raised in his first § 2255 motion. Bergara does not offer any indication that he has obtained certification from the Fourth Circuit to file these successive claims. Accordingly, I find that these claims must be dismissed as successive.

Bergara also argues that his corrected sentence under § 3147 exceeds the statutory maximum. This § 2255 claim is not successive, because it did not arise until I entered the corrected sentence in response to Bergara's first § 2255. *Taylor*, 171 F.3d at 188. Moreover, this claim falls outside the scope of Bergara's plea agreement

---

[3] An exception to this rule arises when a § 2255 motion successfully reinstates the defendant's right to direct appeal of his conviction and sentence. *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (finding that when defendant uses § 2255 motion to regain right to appeal, "the counter of collateral attacks pursued is reset to zero" such that later § 2255 motion is not second or successive) (internal quotation marks omitted). Bergara's prior § 2255 did not reinstate his right to direct appeal of his conviction. Thus, the relief that he achieved through that first § 2255 motion—correction of sentence—did not reset his collateral attack count to zero as in the *Goddard* case, but rather merely opened a limited window of opportunity for him to raise any claim that originated at the time of, or after, the sentence correction. *Taylor*, 171 F.3d at 188. In other words, claims concerning the corrected sentence are not successive within the meaning of § 2255(h), but all claims that could have been raised in his previous § 2255 must be dismissed as successive.

waiver of the right to bring a § 2255 action. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992) ("[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race."). While the claim may thus be addressed on the merits, it fails to present any ground for relief.

Bergara argues that his offense under § 1957 is a Class D felony, which limits the enhancement sentence he could receive under § 3147 to five years imprisonment. These arguments have no basis in fact. Section 1957, the money laundering statute, states that the maximum penalty for this offense is ten years (120 months). Under 18 U.S.C.A. § 3559 (West 2000 & Supp. 2008), any crime punishable by a maximum term of ten to twenty-five years imprisonment is classified as a Class C felony. This fact is irrelevant to Bergara's enhanceed sentence, however, because under § 3147, the court may impose a sentence of "not more than ten years" when the underlying *felony* offense was committed while the defendant was on pretrial release; the statute does not differentiate between classes of felonies. In Bergara's case, I imposed 120 months on the money laundering offense and a consecutive sentence of 120 months under § 3147, for a total sentence of 240 months. Because this sentence does not exceed the maximum sentence authorized under the statutes of conviction, Bergara's § 2255 claim to the contrary must be dismissed.

## III

In conclusion, I find that Bergara has no ground for relief. Because his claim that his corrected sentence exceeds the statutory maximum is without merit, I will grant the Motion to Dismiss as to this claim. Bergara's remaining claims must be dismissed as successive, pursuant to § 2255(h).

A separate Final Order will be entered herewith.

ENTER: December 17, 2008

/s/ JAMES P. JONES
Chief United States District Judge