# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:05CR00053 |
| v. ) | **OPINION** |
| ) | |
| **MARJIL LEE BERGARA,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Marjil Lee Bergara, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a pleading in this long-closed case, seeking relief from the criminal judgment entered against him, which ordered him to pay his victim substantial restitution.[1] For the reasons stated, I find that Bergara's motion must be construed as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), and dismissed as successive.

---

[1] Bergara styles his submission as a "Motion on the New Ruling Pass[ed] by the Supreme Court," referring to *S. Union Co. v. United States*, 132 S. Ct. 2344 (2012). In *Southern Union*, the Court held that any fact which increases a criminal defendant's maximum potential fine must be submitted to the jury rather than determined by the court at sentencing. *Id.* at 2357 ("We hold that the rule of *Apprendi* applies to the imposition of criminal fines.") Bergara pleaded guilty pursuant to a plea agreement by which he stipulated to having caused losses in excess of $200,000. (Plea Agreement, ECF No. 27, ¶ 5.) Because I construe Bergara's motion as seeking to overturn the judgment based on that plea agreement stipulation, I also construe his motion as a § 2255 motion.

Bergara has previously pursued relief under § 2255. In 2007, Bergara filed a § 2255 motion, among other claims asserting that the 180-month sentence imposed upon him exceeded the maximum sentence authorized by that section. Finding this assertion to be correct, I granted relief as to this claim and entered an Amended Judgment, but denied relief as to all Bergara's other § 2255 claims.[2] Bergara filed a second § 2255 Motion in 2008. I denied relief, finding that Bergara's sentence in the Amended Judgment did not exceed the statutory maximum and that his remaining claims were barred as successive under § 2255(h).[3]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C.A. § 2255(h). Because the defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

---

[2] *See Bergara v. United States*, No. 7:07CV00071, 2007 WL 750547 (W.D. Va. Mar. 8, 2007), *judgment vacated by* 2007 WL 1097859 (W.D. Va. Apr. 11, 2007), *and reconsideration denied by* 2007 WL 2572332 (W.D. Va. Sept. 6, 2007).

[3] *United States v. Bergara,* No 1:05CR00053, 2008 WL 5245392 (W.D. Va. Dec. 17, 2008), *appeal dismissed*, 332 F. App'x 150 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1560, *petition for rehearing denied*, 130 S. Ct. 3538 (2010).

A separate Final Order will be entered herewith.

                                          DATED: July 23, 2012

                                          /s/ James P. Jones
                                          United States District Judge